FILED
2016 Feb-25 AM 09:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **RICKY DEWAYNE BOOTH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 7:14-cv-01622-CLS-JEO** |
| | ) | |
| **TUSCALOOSA COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

The magistrate judge filed a report and recommendation on December 8, 2015, recommending that all claims in this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted, except:

- The Eighth Amendment medical care claims against defendants Whitley, Pavlakovic, Butler, Miller and Kirk for failure to properly diagnose and treat the plaintiff's scabies condition; and

- The state law medical negligence claims against Corizon, Whitley, Pavlakovic, Butler, Miller and Kirk for failure to properly diagnose and treat the plaintiff's scabies condition.

(Doc. 13). It was further recommended that the remaining claims be referred to the magistrate judge for additional proceedings. (*Id.*). Plaintiff filed objections to the report and recommendation on January 28, 2016. (Doc. 20).

Before addressing plaintiff's objections, the court notes that on March 16, 2015, plaintiff was notified that his complaint was deficient because he had "failed to set forth his claim adequately." (Doc. 9 at 1). He was directed to amend his complaint, and in so doing,

> state clearly how each named defendant violated his constitutional rights, the date(s) on which the incident(s) occurred, and where the incident(s) occurred. THE PLAINTIFF MUST CLEARLY SET FORTH THE **FACTS** CONCERNING ANY INCIDENT ABOUT WHICH HE COMPLAINS. The plaintiff is ADVISED that conclusory and general assertions are not sufficient to state a claim upon which relief under § 1983 can be granted. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). The amended complaint must include all of the plaintiff's claims in this action[.]

(Doc. 9 at 1-2 (alteration supplied)). On May 21, 2015, plaintiff filed an amended complaint. (Doc. 12). The magistrate judge's report and recommendation is based upon the amended complaint. (Doc. 13). In that report, plaintiff was notified of his opportunity to file objections, and instructed that "the filing of objections is not a proper vehicle to make new allegations or present additional evidence." (*Id.* at 21).

In his objections, plaintiff explains that he suffers from serious mental illnesses for which he has sought mental health treatment. (Doc. 20 at 1). He was prescribed psychotropic medication in March 2015 by Dr. Hunter, but refused take it because no one explained why it was being prescribed. (*Id.*). In October 2015, psychologist Mrs. Black referred him to Dr. Osula, who "(re)diagnosed" plaintiff as suffering from bi-

polar disorder and prescribed psychotropic medications that have unpleasant side effects. (*Id.* at 1-2).

Plaintiff further complains that on August 14, 2015, he was taken to Brookwood Medical Center for chest pains, and the emergency room doctor scheduled him "an appointment with a heart doctor to have a stress test." (*Id.* at 3). Plaintiff attaches a copy of an inmate sick call request slip dated November 22, 2015, declaring his "heart is still having pain," he "was suppose[d] to see [the] doctor in July 2015," and he had injured his back. (*Id.* at 11) (alterations supplied). As of December 31, 2015, Dr. Pavlakovic had not seen plaintiff. (*Id.* at 3).

To the extent plaintiff is arguing Dr. Osula or any other mental health professional has not provided adequate treatment for his bi-polar disorder, and Dr. Pavlakovic has failed to provide adequate medical care for his heart condition and back injury, his objections are overruled. Plaintiff's amended complaint does not mention his mental health concerns, heart condition or back injury, much less state any claims against any defendants in connection therewith. If plaintiff desires to pursue these allegations as claims, he must file a new 42 U.S.C. § 1983 complaint.

Plaintiff sets forth an objection related to the recommended dismissal of his Eighth Amendment medical care claims pertaining to the failure to adequately treat his MRSA infection. (*Id*. at 4). He asserts in his own words,

> My main thing was for the health care, and health care people not to coratine [sic] /separate me with MRSA, since it highly contagious, spreadable I live in open bay living area with 106 inmates, if they see a person/inmate sick they will gather his mattress, etc throw it in the hall, or beat him up bad.

(*Id.*) (emphasis in original). It appears that plaintiff is attempting to declare his MRSA related claims were not about the failure of the defendants to properly diagnose and treat the condition, but about his desire not to be quarantined so that inmates would not be apprised of the illness and retaliate again him. There is no basis to construe the allegations in plaintiff's complaint in this fashion. In his complaint, plaintiff only alleged the defendants failed to diagnose and treat his MRSA infection. (Doc. 12 at 4-6).

The court has thoroughly reviewed the MRSA allegations in the Eighth Amendment and state medical negligence and negligent hiring contexts, and finds the magistrate judge's recommended dismissals for failure to state a claim to be well supported. The court will not consider plaintiff's quarantine concern because it is a new allegation proffered to support entirely different claim theories. Moreover, plaintiff does not allege he was ever quarantined, so any new claims against defendants based upon this concern would fail to state a claim upon which relief can be granted.

Finally, plaintiff appears to object to the recommended dismissal of the Eighth

Amendment and negligent hiring claims against Corizon arising from the individual defendants' failure to properly diagnose and treat his scabies infection. (Doc. 20 at 2). He declares "Corizon don't care, Corizon is a company that" cuts corners. (*Id.*) In support thereof, plaintiff contends he has "heard" Dr. Whitley and Nurse Practitioner Butler were "fired." (*Id.*) Corizon also hired "Dr. David Pavlakovic[,] who lost his medical license[] due to writing prescriptions to women for sexual favors[.] Nurse Georgia Miller was fired for having '(people)' on pay-roll who did not exist or work here." (*Id.*) (alterations supplied).

Even if Corizon fired Whitley and Butler, that fact, standing alone, would not be sufficient to attach constitutional or state court civil liability to defendant Corizon in connection with plaintiff's claims. The fact that Corizon fired Nurse Miller for having fictitious employees on the payroll also has no bearing on Nurse Miller's professional medical abilities, which is the material question considered in connection with plaintiff's claims against her.

Plaintiff has raised Corizon's employment of Dr. Pavlakovic without determining whether he had a license to practice medicine, or in spite of the fact he had no license, for the first time in the his objections, and therefore plaintiff has alleged sufficient facts for 1915A screening purposes to establish Eighth Amendment and negligent hiring claims against Corizon based upon Dr. Pavlakovic's failure to

diagnose and properly treat plaintiff's scabies condition.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the magistrate judge's recommendation is **ACCEPTED**, with the exception of the Eighth Amendment and negligent hiring claims against defendant Corizon based upon Dr. Pavlakovic's inadequate treatment of plaintiff's scabies condition. It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that all of plaintiff's claims in this action are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b), except

- The Eighth Amendment medical care claims against defendants Whitley, Pavlakovic, Butler, Miller and Kirk for failure to properly diagnose and treat his scabies condition;

- The Eighth Amendment medical care claim against Corizon to the extent it is alleged Dr. Pavlakovic failed to properly diagnose and treat his scabies condition;

- The state law medical negligence claims against Corizon, Whitley, Pavlakovic, Butler, Miller and Kirk for failure to properly diagnose and treat his scabies condition; and

- The state law negligent hiring claim against Corizon for employing Dr. Pavlakovic, the underlying basis of which pertains to Pavlakovic's failure to properly diagnose and treat his scabies condition.

The remaining claims are **REFERRED** to the magistrate judge for further

proceedings.

**DONE** this 25th day of February, 2016.

United States District Judge