# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| RICKY DEWAYNE BOOTH, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 7:14-cv-01622-CLS-JEO |
| CORIZON HEALTH SERVICES, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report on September 2, 2016, recommending that defendants' special report be treated as a motion for summary judgment and further recommending that the motion be granted.[1] Plaintiff filed objections to the report and recommendation on October 21, 2016.[2]

In the objections, the court is asked to disregard the magistrate judge's refusal to consider plaintiff's response to defendants' motion for summary judgment on grounds that "plaintiff did not sign [the response] under the penalty of perjury."[3] Plaintiff explains his belief that Chief United States Magistrate Judge John E. Ott "does not like" him because Judge Ott presided over his federal *habeas corpus*

---

[1] Doc. no. 44.

[2] Doc. no. 47.

[3] *Id.* at 1 (alteration supplied).

petition, and therefore knows the nature of plaintiff's conviction and sentence.[4] Plaintiff also complains about his mental illnesses and declares, "no matter the law," the court will do what it "ha[s] to do" so as to "not make the right person mad" or "dislike" the court's decisions.[5]

Plaintiff's belief that Judge Ott or this court harbors improper bias is baseless and frivolous, and plaintiff's mental health issues are not material to the claims being adjudicated. Additionally, plaintiff's beliefs and concerns do not point to any legal or factual errors in the report and recommendation.

In his report, the magistrate judge did refuse to consider all but two sentences[6] of plaintiff's response (opposition) to defendants' motion for summary judgment because plaintiff did not sign the response under oath or penalty of perjury. Plaintiff does not deny he was instructed how to properly respond to a motion for summary judgment pursuant to *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985), and he clearly understood *Griffith* compliance because he attached two inmate affidavits to his response that were subscribed to under oath or under penalty of perjury.[7]

---

[4] Doc. no. 47 at 1.

[5] *Id.* (alteration supplied).

[6] Doc. no. 44 at 1 n.1 (citing Doc. no. 42 at 3) ("Corizon, LLC does have a policy that violates our rights, by having a LPN to see us, and tell us that in 7-14 days we will see a doctor. (I swear under penalty of perjury that I've never been took [sic] from sick call to the doctor.[)]")).

[7] Doc. no. 42-1 at 25-27, 29. Other than the signatures, it is readily apparent the affidavits are in plaintiff's handwriting. *Id.*

Plaintiff does not dispute the magistrate judge's report that, excepting two sentences, his response is not sworn under penalty of perjury,[8] nor does he contend that it was his belief the sentence interjection(s) satisfied Rule 56 evidentiary requirements for the entire response.

Other than the issue of his unsworn response, plaintiff does not assert the magistrate judge made any factual or legal errors in the report and recommendation.[9] Instead, he declares defendants "submitted false evidence" and "affidavits" in their report.[10] Specifically, plaintiff asserts defendants attested that the medical records contained "a treatment order for scab[]ies from April 28, 2014 through May 13, 2014[.]"[11] However, when the records are examined, they reveal the treatment plaintiff received during this time period was for MRSA, a staph infection.[12] While plaintiff's description of the medical records is accurate, it is equally true that the

---

[8] *See supra* n. 6. The court has found another phrase in the response that also is sworn under penalty of perjury, but the phrase does not pertain to summary judgment facts or legal conclusions. *See* Doc. no. 42 at 6-7 (offering a settlement to defendants, and declaring, "I do hereby swear under the penalty of perjury that if (we) don't settle, and this Honorable Court will not appoint me a[n] attorney under the Americans with Disabilities Act, I will let a[n] attorney friend to take the case, and donate" almost all damages to charity.) (alterations supplied).

[9] This lack of objection to the magistrate judge's factual and legal recommendations includes the two sentences sworn to by plaintiff, and an alternative recommendation as to defendant Kirk, recommending that summary judgment would be due to be granted in her favor even if the factual allegations against her in the response concerning scabies were considered. *See* doc. no. 44 at 13 n.4; *id.* at 16 n.5.

[10] Doc. no. 47 at 2-3.

[11] *Id.* (alterations supplied).

[12] Doc. no. 47 at 2.

magistrate judge came to the same conclusion because he did not report that plaintiff received scabies treatment from April 28, 2014, to May 13, 2014.[13]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the court **ORDERS** that defendants' motion for summary judgment is **GRANTED**, the court finding no genuine issues of material fact exist. A final judgment will be entered.

DONE this 29th day of September, 2017.

_____
United States District Judge

---

[13] Doc. no. 44 at 7-8.